## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAMES OWENS, et al.

*Plaintiffs,*

*v.*

TALIBAN a/k/a ISLAMIC EMIRATE OF
AFGHANISTAN

*Defendant.*

Civil Action No. 22-cv-01949 (VEC)

### DECLARATION OF MATTHEW D. MCGILL IN SUPPORT OF
### ENTRY OF DEFAULT JUDGMENT

I, Matthew D. McGill, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in the State of New York and am admitted to the bar of this Court.  I am a partner at Gibson, Dunn & Crutcher LLP and counsel for Plaintiffs in the above-captioned matter.  I am over the age of 18, I have personal knowledge of the facts stated herein, and if called to testify, I could and would competently testify to these facts.

2.      I make this Declaration in accordance with Rule 55(b) of the Federal Rules of Civil Procedure, Local Civil Rule 55.2(b), and the Court's Individual Rules of Practice in Civil Cases, in support of entry of default judgment against Defendant Taliban a/k/a Islamic Emirate of Afghanistan ("Defendant").

### BASIS FOR ENTERING DEFAULT JUDGMENT

3.      Plaintiffs are victims of the 1998 United States embassy bombings in Nairobi, Kenya, and Dar es Salaam, Tanzania.  This action seeks damages against Defendant arising from its role in the embassy bombings.  Dkts. 1, 7.  Plaintiffs commenced this action by filing a complaint against Defendant on March 8, 2022.  Dkt. 1.

4.      Plaintiffs consist of both United States citizens ("American Plaintiffs") and foreign citizens ("Foreign Plaintiffs").  Dkt. 7, ¶¶ 8–79.  American Plaintiffs bring claims under the Anti-Terrorism Act ("ATA"), Foreign Plaintiffs bring claims under the Alien Tort Statute ("ATS"), and all Plaintiffs bring state-law tort claims.  *Id.* ¶¶ 129, 149, 154, 162, 167, 172, 176, 180, 185, 190, 196, 202, 207.

5.      The Court has subject matter jurisdiction over Plaintiffs' ATA claims under 28 U.S.C. § 1331, and it has jurisdiction over Plaintiffs' ATS claims under 28 U.S.C. § 1350.  The Court has pendent jurisdiction over Plaintiffs' state-law claims, which arise from the same nucleus of operative facts as Plaintiffs' federal-law claims under 28 U.S.C. § 1367.  *See IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d Cir. 1993).  Separately, the Court also has diversity jurisdiction over American Plaintiffs' state-law claims under 28 U.S.C. § 1332 because American Plaintiffs and Defendant are citizens of different domestic and foreign states, and the amount in controversy exceeds $75,000.  Dkt. 7, ¶¶ 4–6.

6.      On March 15, 2022, the Clerk of Court issued the summons as to Defendant.  Dkt. 28.

7.      After multiple unsuccessful attempts to effectuate service of process on Defendant via certified mail to Afghanistan, *see* Dkt. 45, at 2–3, Plaintiffs moved *ex parte* on April 29, 2022, for an order authorizing alternative service on Defendant via Twitter and publication, Dkt. 43.

8.      On May 2, 2022, the Court granted the motion for alternative service and issued an order authorizing service on Defendant via Twitter, through communications to the Twitter accounts of various Taliban officials, and by publishing a weekly notice for four consecutive weeks in *Al-Quds Al-Arabi* and *The New York Times*.  Dkt. 46, at 2–3 ("Service Order").  The Service Order instructed Plaintiffs to include in their published notice "a URL to a website with easily

accessible online versions of the materials required to be served." *Id.* at 2.  The Court further ordered that service via Twitter be completed by May 2, 2022, and that service via publication be completed within 60 days of the issuance of the order.  *Id.* at 2–3.

9.      Pursuant to the Court's Service Order and Federal Rule of Civil Procedure 4(f)(3), Plaintiffs served notice to Defendant via Twitter, by communicating with the Twitter accounts of various Taliban officials and providing a URL to a public website with easily accessible copies of the summons and complaint in both English and Pashto, on May 2, 2022.  *See* Dkts. 47-2, 65, 65-1, 65-4.  Plaintiffs served notice to Defendant via publication in *Al-Quds Al-Arabi* and *The New York Times* on May 18, 2022, May 25, 2022, June 1, 2022, and June 8, 2022.  The notice also contained a URL for a public website with easily accessible copies of the summons and complaint in both English and Pashto.  *See* Dkts. 65, 65-4–65-13.

10.     On June 15, 2022, Plaintiffs certified that Plaintiffs timely served Defendant with the summons and complaint via Twitter on May 2, 2022, and via publication on May 18, 2022, May 25, 2022, June 1, 2022, and June 8, 2022.  Dkt. 65; **Exhibit A**.

11.     Shortly after moving for alternative service, Plaintiffs located an address for Defendant at the Embassy of Afghanistan in Doha, Qatar.  On May 2, 2022, Plaintiffs also sent a letter requesting that the Clerk of Court effectuate service of process on Defendant in accordance with Federal Rule of Civil Procedure 4(f)(2)(C)(ii) by mailing a copy of the summons and complaint to Defendant at the Embassy of Afghanistan, West Bay, Isteolal Street, P.O. Box 22104, Doha, Qatar, via DHL delivery service.

12.     On May 6, 2022, the Clerk of Court certified that copies of the summons and complaint in English and Pashto were mailed to Defendant at the Embassy of Afghanistan, West

Bay, Isteolal Street, P.O. Box 22104, Doha, Qatar, via DHL delivery service on May 4, 2022.  Dkt. 53; **Exhibit B**.

13.     On June 23, 2022, the Clerk of Court certified on the docket that the mailing to Defendant of the summons and complaint in English and Pashto on May 4, 2022 via DHL delivery service was received by Defendant on May 10, 2022.  **Exhibit C**.

14.     Under Federal Rule of Civil Procedure 12(a), a defendant must serve an answer within twenty-one days after being served with the summons and complaint.  Because service via certified mail under Federal Rule of Civil Procedure 4(f)(2)(C)(ii) was effectuated on May 10, 2022, Defendant's deadline to answer or otherwise defend the complaint was May 31, 2022. Alternatively, under the service instructions set forth in the Service Order, pursuant to Federal Rule of Civil Procedure 4(f)(3), service on Defendant via Twitter and publication was completed on June 8, 2022, and thus, Defendant's deadline to answer or otherwise defend the complaint was June 29, 2022.

15.     Defendant has failed to answer or otherwise defend the complaint, and the time to do so has expired.

16.     Defendant is neither an infant nor incompetent.  Defendant is not in the military service of the United States.

17.     On July 1, 2022, Plaintiffs requested an entry of default against Defendant from the Clerk of Court.  Dkts. 67, 68.

18.     On July 5, 2022, the Clerk of Court entered a Certificate of Default against Defendant.  Dkt. 69; **Exhibit D**.

19.     Having failed to timely answer or otherwise defend the complaint, Defendant is deemed to have admitted all of the well-pleaded factual allegations in Plaintiffs' complaint, except

for allegations relating to damages.  *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).  Defendant's failure to answer or otherwise defend the complaint thus establishes Defendant's liability as to Plaintiffs' claims under the ATA and ATS, as well as Plaintiffs' state-law tort claims.

20.    Because Defendant has not been recognized as the government of Afghanistan, *see* Dkt. 50, ¶ 35, it is not a "foreign state," and the requirements of 28 U.S.C. § 1608(e) do not apply.

## OTHER PROCEDURAL HISTORY

21.    On February 11, 2022, President Biden issued Executive Order 14064, which directed U.S. financial institutions holding assets of Da Afghanistan Bank ("DAB") around the country to transfer those assets into a single consolidated account at the Federal Reserve Bank of New York ("FRBNY") and blocked further transactions involving those assets absent a license from the Executive Branch.  Exec. Order No. 14,064, 87 Fed. Reg. 8391 (Feb. 11, 2022).  At the same time, the Office of Foreign Assets Control issued a license instructing the FRBNY to segregate $3.5 billion of the DAB funds into a separate account for foreign policy purposes related to Afghanistan, which left approximately $3.5 billion in blocked funds available to satisfy the Taliban's creditors, as victims of terrorism.  *See* Dkt. 6-23.

22.    On March 8, 2022, the same day that Plaintiffs filed their complaint, Plaintiffs moved *ex parte*, under Federal Rule of Civil Procedure 64 and New York Civil Practice Law and Rules §§ 6201, 6211, and 6212 for an order of attachment of DAB funds held at the FRBNY in the amount of $4,669,011,012.21 ($1,373,761,042.95 in compensatory damages and $3,295,249,969.26 in punitive damages), plus prejudgment interest.  Dkt. 4.

23.    On March 14, 2022, this Court held a hearing on Plaintiffs' *ex parte* motion for an order of attachment.  Dkt. 34.

24.     On March 21, 2022, this Court granted Plaintiffs' *ex parte* motion for an order of attachment, stating that the Court's opinion would follow.  Dkts. 32, 33 ("Order of Attachment"). The Order of Attachment directed the U.S. Marshals Service to levy, upon service of the Order, $1,373,761,042.95 (*i.e.*, the amount of Plaintiffs' base compensatory damages), plus prejudgment interest, of the DAB funds at the FRBNY.  Dkt. 33, at 2.

25.     On March 22, 2022, Plaintiffs delivered the Order of Attachment to the U.S. Marshals Service.  Dkt. 49, ¶ 4.

26.     On March 31, 2022, Plaintiffs timely posted an undertaking on the attachment in the amount of $10,000.  Dkt. 37.

27.     On April 11, 2022, this Court issued its opinion explaining its reasoning for granting the Order of Attachment.  Dkt. 38.

28.     On April 21, 2022, the Marshals Service levied $1,373,761,042.95 of the DAB funds at the FRBNY.  Dkt. 49, ¶ 6; Dkt. 52.

29.     On May 2, 2022, Plaintiffs timely filed their motion to confirm the Order of Attachment.  Dkt. 47.  That motion is pending.

30.     On July 6, 2022, Plaintiffs filed a motion to extend indefinitely the levy of Plaintiffs' Order of Attachment served on April 21, 2022 on the FRBNY.  Dkt. 70.

31.     On July 7, 2022, the Court granted Plaintiffs' motion to extend the levy indefinitely. Dkt. 72.

## DAMAGES

32.     Because Plaintiffs cannot obtain double recovery for their injuries, Plaintiffs seek damages solely on the basis of their federal-law claims.  These claims encompass all Plaintiffs because American Plaintiffs bring claims under the ATA and Foreign Plaintiffs bring claims under the ATS.

33.   The ATA allows plaintiffs to recover "threefold the damages" they "sustai[n]."  18 U.S.C. § 2333(a).

34.   Compensatory and punitive damages may be awarded on claims brought under the ATS.  *See, e.g.*, *Doe v. Constant*, 354 F. App'x 543, 547 (2d Cir. 2009) (summary order) (affirming award of compensatory and punitive damages entered on a default judgment for ATS and TVPA claims); *Abebe-Jira v. Negewo*, 72 F.3d 844, 848 (11th Cir. 1996) (affirming award of compensatory and punitive damages on ATS claims); *Tachiona v. Mugabe*, 234 F. Supp. 2d 401, 441 (S.D.N.Y. 2002) (awarding punitive damages on ATS claims).

35.   All Plaintiffs except Daniel Briehl and Gary Cross had the amount of their injuries from the embassy bombings adjudicated in prior actions against Iran or Sudan and corresponding compensatory damages awarded.  *See Owens v. Republic of Sudan*, No. 01-cv-2244, Dkt. 301 (D.D.C. Mar. 28, 2014); *Owens v. Republic of Sudan*, No. 01-cv-2244, Dkt. 349 (D.D.C. Oct. 24, 2014); *Mwila v. Islamic Republic of Iran*, No. 08-cv-1377, Dkt. 88 (D.D.C. Mar. 28, 2014); *Khaliq v. Republic of Sudan*, No. 10-cv-356, Dkt. 40 (D.D.C. Mar. 28, 2014); *Lonnquist v. Islamic Republic of Iran*, No. 17-cv-1630, Dkt. 44 (D.D.C. Aug. 31, 2020); *see also* Dkt. 7, App'x 1 n.1. Judge Bates of the U.S. District Court for the District of Columbia presided in all of these prior actions.  Though some of these Plaintiffs' names have changed since these prior suits (*e.g.*, due to change in marital status or death), they are the same persons (or have been substituted by their estates).

36.   These prior damages awards included prejudgment interest that had accrued from the time of the embassy bombings up to the time of the judgments.  *See Owens*, 01-cv-2244, Dkt. 300, at 16–18 & nn.9–11; *Owens*, 01-cv-2244, Dkt. 348, at 11–12 & nn.6–8; *Mwila*, 08-cv-1377,

Dkt. 89, at 14–16 & nn.7–9; *Khaliq*, No. 10-cv-356, Dkt. 41, at 7–8 & nn.4–6; *Lonnquist*, 17-cv-1630, Dkt. 45, at 25–26 & n.3.

37.     All Plaintiffs apart from Daniel Briehl and Gary Cross request that this Court accept the compensatory damages that they were awarded in their prior actions as conclusive of the amount of their injuries in this action. *See infra*, ¶¶ 42–47. Plaintiffs thus request compensatory damages in the amount of their prior awards *minus* prior recoveries from other sources, plus prejudgment interest that has accrued in the time since they received their prior judgments. *See* Dkt. 7, ¶¶ 213, 215.

38.     All Plaintiffs except Daniel Briehl and Gary Cross request punitive damages that are two times the amount of their original compensatory damages awards, which represent the sum total of their injuries, rather than punitive damages that are twice the amount of the compensatory damages they are seeking in this suit (which represent only the compensatory damages they have not already recovered). *See* Dkt. 7, ¶¶ 213–14. Because punitive damages are designed to deter and punish the violator, rather than make the plaintiff whole, it is appropriate to tie the punitive damages to the amount of Plaintiffs' total injuries, rather than the amount they have not yet recovered. *See Lee v. Edwards*, 101 F.3d 805, 809 (2d Cir. 1996) ("[T]he purpose of punitive damages [is to] punish the defendant and to deter him and others from similar conduct in the future." (quotation marks omitted)); *Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44, 56 (D.D.C. 2012) ("Punitive damages are not meant to compensate the victim, but instead meant to award the victim an amount of money that will punish outrageous behavior and deter such outrageous conduct in the future.").

39.     Plaintiffs Daniel Briehl and Gary Cross, the two Plaintiffs who have not previously received judgments awarding compensatory damages for their injuries from the embassy

bombings, each request compensatory damages in the amount of $5 million.  *See* Dkt. 7, App'x 34.  Briehl, a sergeant in the Marine Corps who worked at the embassy in Nairobi as a Marine Security Guard and rescued other people injured in the bombing, suffered severe physical and emotional injuries from the bombings, including but not limited to broken ribs, severe lacerations that have resulted in scarring, and severe post-traumatic stress disorder.  Dkt. 7, ¶ 57; **Exhibit E**. Cross, a Gunnery Sergeant in the Marine Corps at the time of the embassy bombing in Nairobi who helped with search and rescue efforts in the aftermath of the attack, likewise suffered severe physical and emotional injuries from the bombings, including but not limited to loss of hearing, a shoulder injury, facial lacerations, a damaged kneecap, and severe post-traumatic stress disorder. Dkt. 7, ¶ 56; **Exhibit F**.  Prior courts, including Judge Bates, who entered judgments for the other Plaintiffs against Iran and Sudan, have determined that $5 million is an appropriate amount for individuals like Briehl and Cross who suffered severe physical and emotional injuries resulting from the 1998 embassy bombings.  *See, e.g.*, *Owens*, No. 01-cv-2244, Dkt. 300, at 7; *Wamai v. Republic of Sudan*, 60 F. Supp. 3d 84, 91 (D.D.C. 2014) (describing a "baseline" award of $5 million).

40.     Pursuant to the ATA, Daniel Briehl and Gary Cross, both of whom are American Plaintiffs, also seek punitive damages that are two times the amount of their compensatory damages, for "threefold the damages," 18 U.S.C. § 2333(a), in total, and they also request prejudgment interest dating from the time of the embassy bombings.

41.     All Plaintiffs request postjudgment interest on the total award that they receive in this action.  Postjudgment interest "shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a).  This interest is calculated according to a statutorily prescribed formula.  *See id.* § 1961(a)–(b).

## WHY AN INQUEST INTO DAMAGES IS UNNECESSARY

42.    "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is necessary and proper to hold an inquest on damages." *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (quotation marks omitted).  An inquest into damages is unnecessary here.  First, the compensatory damages for all Plaintiffs except Daniel Briehl and Gary Cross were determined in Plaintiffs' prior actions before Judge Bates.  In those actions, special masters made recommendations to Judge Bates on damages awards based on "sworn testimony, expert reports, medical records, and other evidence."  *Owens*, 01-cv-2244, Dkt. 300, at 2; *Owens*, 01-cv-2244, Dkt. 348, at 2; *Mwila*, 08-cv-1377, Dkt. 89, at 2; *Khaliq*, 10-cv-356, Dkt. 41, at 2; *see also Lonnquist*, 17-cv-1630, Dkt. 45, at 3, 21–22.  Judge Bates then carefully reviewed the recommendations of the special masters and adjudicated the damages awards based on those recommendations and precedent regarding damages awarded to plaintiffs in other terrorism cases, in some instances awarding a different amount than what the special master had recommended. *See, e.g.*, *Owens*, 01-cv-2244, Dkt. 348, at 10–11.  The compensatory damages requested for each Plaintiff (except for Briehl and Cross) in the complaint, Dkt. 7, and shown in the table appended to this Declaration and included in Plaintiffs' Proposed Default Judgment (as "Base Compensatory Damages") are equivalent to the total compensatory damages that Judge Bates awarded each Plaintiff, minus any prior recoveries from other sources.  *See id.*, ¶ 213 & App'x 1 n.1**.**

43.    The "detailed affidavits and documentary evidence" submitted in Plaintiffs' prior actions before Judge Bates, and the judgments issued by Judge Bates awarding damages based on a thorough assessment of those evidentiary submissions, provide more than a sufficient "basis for the damages specified in the default judgment" in this action.  *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young, Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) ("[U]nder Rule 55(b)(2), it [is] not necessary for the District Court to hold a hearing, as long as it

ensured that there was a basis for the damages specified in the default judgment." (quotation marks omitted)); *Kelly Toys Holdings, LLC v. alialialiLL Store*, --- F. Supp. 3d ----, 2022 WL 2072567, at \*8 (S.D.N.Y. June 9, 2022) ("[N]o hearing is necessary to determine damages (no party has requested one), and th[e] determination of damages can be resolved on the submissions and prior proceedings."); *Golden Goose Deluxe Brand v. Aadct Off. Store*, 2020 WL 3167031, at \*2 (S.D.N.Y. June 15, 2020) ("a hearing is unnecessary inasmuch as [plaintiff's] submissions have not been contested and they provide all the information needed to determine [plaintiff's] damages"); *Off-White LLC v. Warm House Store*, 2018 WL 4927905, at \*2 (S.D.N.Y. Oct. 11, 2018) ("While a court must take the necessary steps to establish damages with reasonable certainty, a court need not hold a hearing as long as it ensures that there is a basis for the damages specified in the default judgment.  Here, no party has requested a hearing on damages and the record provides a basis for calculating an award of damages." (quotation marks, alterations, and citations omitted)); *cf. Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 172 (D.D.C. 2010) ("[T]he statutory obligation found in [28 U.S.C.] § 1608(e) was not designed to impose the onerous burden of re-litigating key facts in related cases arising out of the same terrorist attack. . . .  [The Foreign Sovereign Immunities Act ("FSIA")] permits courts in subsequent related cases to rely upon evidence presented in earlier litigation—without necessitating the formality of having that evidence reproduced[.]").[1]

44.     While a court should not "simply accep[t] at face value" a plaintiff's "statement in its complaint" of the amount of damages, *Transatlantic Marine Claims Agency*, 109 F.3d at 111,

---

[1]  Plaintiffs' prior actions against Sudan and Iran were actions under the FSIA, though Plaintiffs have not raised any claims under the FSIA in this action since the Taliban is not a recognized foreign state.  But the principle recognized in *Rimkus*—that the factfinding in cases arising from the same terrorist attacks need not and should not be relitigated—remains applicable here.

that is not what Plaintiffs propose here.  Instead, Plaintiffs ask the Court to accept the damages that Judge Bates awarded after careful evaluation of extensive evidence as conclusive of the amount of their injuries.

45.     Principles of estoppel support this approach.  Collateral estoppel generally "precludes relitigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979).  Collateral estoppel can apply even when one of the parties to the second action was not a party to the first action.  *See id.* at 327–29 (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328–29 (1971)); *see also Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 569 F.3d 667, 671 (7th Cir. 2009) ("the principles of defensive non-mutual issue preclusion may limit the recoverable damages").  And "[t]he whole premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed."  *Parklane Hosiery Co.*, 439 U.S. at 336.

46.     Though collateral estoppel generally does not apply to liability issues resolved by default judgment, *see Arizona v. California*, 530 U.S. 392, 414 (2000), the issue of damages is "actually litigated" for purposes of default judgment because a defendant's failure to appear does not permit a court to deem allegations relating to damages to be admitted (unlike allegations relating to liability), *see Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234 ("There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence.").  And it is clear that the issue of damages in Plaintiffs' prior cases was actually litigated and adjudicated by Judge Bates.  As explained, special masters recommended damages awards based on extensive documentary evidence submitted by Plaintiffs, and Judge Bates issued thorough opinions in which he assessed these

recommendations and accepted or rejected them based on his view of the evidence and the caselaw. *See supra*, ¶ 42.  Consistent with principles of collateral estoppel, this Court need not and should not relitigate what Judge Bates has already decided.  *See Byars v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 158789, at *5 (E.D. Pa. Jan. 12, 2015) ("Though default judgments do not meet the requirements of collateral estoppel since the issues are not actually litigated, here the actual issue of the assessment of damages *was* litigated at a hearing [in state court]." (citation omitted)); *cf. Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1035 (8th Cir. 1999) ("the amount of damages has been litigated (whether or not in a default judgment proceeding), and any subsequent recalculation by a federal court is a direct, appellate-like reversal of the state court, precisely the kind of lower federal court appellate review that *Rooker-Feldman* bars").

47.    Moreover, the interests of judicial economy, comity, and respect for the judgments of coordinate federal courts should lead this Court to accept the damages awarded to Plaintiffs in the prior judgments issued by Judge Bates as the basis for Plaintiffs' damages awards here.  The actions before Judge Bates involved the *same* terrorist attacks and the *same* Plaintiffs with the *same* injuries.  There is no need for the Court to expend substantial resources to conduct an inquiry identical to that which Judge Bates already ably conducted.  Indeed, such a course could be seen as contravening well-established principles of jurisdiction, comity, judicial economy, and the orderly administration of justice.  *See, e.g.*, *Celotex Corp. v. Edwards*, 514 U.S. 300, 312–13 (1995) ("[U]ntil [a court's] decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected."); *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981) ("Generally, principles of comity and judicial economy make courts reluctant to exercise jurisdiction over claims involving the orders of coordinate courts."); *see also Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) ("A federal district court lacks

jurisdiction to review decisions of other federal courts."); *McKoy v. Potter*, 2006 WL 1676475, at *2 (S.D.N.Y. June 15, 2006) ("I do not have jurisdiction, in this context, to review an order of another judge of this Court.").

48.     The Court also need not conduct an inquest with respect to the damages sought by Daniel Briehl and Gary Cross, the two Plaintiffs who have not previously received judgments awarding compensatory damages for their injuries from the embassy bombings.   Numerous decisions, after careful analysis and "[r]ecognizing [a] need for uniformity," "have developed a general framework for assessing pain-and-suffering damages for victims of terrorist attacks, awarding a baseline of $5 million," *Owens*, 01-cv-2244, Dkt. 300, at 7, "to individuals suffering such physical injuries as compound fractures, severe flesh wounds, and wounds and scars from shrapnel, as well as 'lasting and severe psychological pain,'" *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 84 (D.D.C. 2010); *see also, e.g.*, *Peterson v. Islamic Republic of Iran*, 515 F. Supp. 2d 25, 54 (D.D.C. 2007).   Briehl and Cross both fit into this category.   *See supra*, ¶ 39; **Exhibits E, F** (detailing Briehl's and Cross's injuries, including severe lacerations, broken ribs, loss of hearing, and severe post-traumatic stress disorder).   Judge Bates applied this "baseline" award of $5 million to the other Plaintiffs here with similar injuries in their prior suits against Iran and Sudan, and the same baseline has been applied in additional decisions involving other victims of the 1998 embassy bombings. *See Owens*, 01-cv-2244, Dkt. 300, at 7; *Owens*, 01-cv-2244, Dkt. 348, at 7; *Mwila*, 08-cv-1377, Dkt. 89, at 7; *Khaliq*, 10-cv-356, Dkt. 41, at 5; *Lonnquist*, 17-cv-1630, Dkt. 45, at 15–16; *Sheikh v. Republic of Sudan*, 485 F. Supp. 3d 255, 268–69 (D.D.C. 2020); *Amduso v. Republic of Sudan*, 61 F. Supp. 3d 42, 48–49 (D.D.C. 2014); *Wamai*, 60 F. Supp. 3d at 92–93; *Opati v. Republic of Sudan*, 60 F. Supp. 3d 68, 77–78 (D.D.C. 2014).   Decisions in *this* District also have applied this baseline $5 million award to victims of the September 11 terrorist

attacks. *See In re Terrorist Attacks on September 11, 2001*, 2021 WL 5358621, at *1–2 (S.D.N.Y. Nov. 9, 2021), *report and recommendation adopted by* 2021 WL 6063596 (S.D.N.Y. Dec. 22, 2021); *In re Terrorist Attacks on September 11, 2001*, 2020 WL 762164, at *2 (S.D.N.Y. Feb. 7, 2020), *report and recommendation adopted by* 2020 WL 762377 (S.D.N.Y. Feb. 14, 2020). Principles of uniformity, consistency, and comity counsel that the same amount be awarded to Briehl and Cross.

49.     Nonetheless, if this Court determines that a further inquest into compensatory damages is needed for Daniel Briehl and Gary Cross, Plaintiffs request that the Court enter default judgment for all of the other Plaintiffs at this time and defer default judgment for Briehl and Cross until such inquiry can be conducted.

50.     An inquest or evidentiary hearing also is not necessary to determine Plaintiffs' punitive damages.  Punitive damages in the amount of two times the compensatory damages that Plaintiffs were awarded in their prior actions (or should be awarded in this action, in the cases of Daniel Briehl and Gary Cross) are entirely appropriate.  First, the ATA explicitly provides for recovery of "threefold the damages" sustained, 18 U.S.C. § 2333(a), making twofold punitive damages appropriate for American Plaintiffs (since compensatory damages plus twofold punitive damages equals threefold damages).  While the ATS does not have a set baseline, principles of consistency counsel in favor of similarly awarding twofold punitive damages to Foreign Plaintiffs who have claims under the ATS stemming from the same terrorist attacks.

51.     In assessing the propriety and amount of punitive damages, the Court should consider "three guideposts[:] . . . [the] degree of reprehensibility of defendant's conduct; [the] relationship between the harm caused and the [punitive damages] award; and the sanctions imposed in other cases for comparable misconduct." *Payne v. Jones*, 711 F.3d 85, 98 (2d Cir.

2013) (citing *BMW of N.A., Inc. v. Gore*, 517 U.S. 559, 574–75 (1996)).  "[R]eprehensibility is 'perhaps the most important' factor."  *Lee*, 101 F.3d at 809 (quoting *Gore*, 517 U.S. at 575). "'[A]ggravating factors' that are 'associated with particularly reprehensible conduct' . . . include (1) whether a defendant's conduct was violent or presented a threat of violence, (2) whether a defendant acted with deceit or malice as opposed to acting with mere negligence, and (3) whether a defendant has engaged in repeated instances of misconduct."  *Id.* (quoting *Gore*, 517 U.S. at 576).

52.    Plaintiffs' request for punitive damages that are twice the amount of their compensatory damages easily satisfies these criteria.  "Terrorism [is] unique among the types of tortuous activities in both its extreme methods and aims[.]"  *Oveissi*, 879 F. Supp. 2d at 54 (first alteration in original).  "All acts of terrorism are by the very definition extreme and outrageous[.]" *Id.*  Support for acts of terrorism also is heinous by definition, as the provision of threefold damages in the ATA illustrates.  18 U.S.C. § 2333(a); *see also Bodoff v. Islamic Republic of Iran*, 907 F. Supp. 2d 93, 105 (D.D.C. 2012) ("The defendants' demonstrated policy of encouraging, supporting and directing a campaign of deadly terrorism is evidence of the monstrous character of the bombing that inflicted maximum pain and suffering on innocent people."); *Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 93, 119 (D.D.C. 2015) (explaining that bombing of U.S.S. Cole was "without a doubt, a heinous act," and "defendants' provision of material support to the perpetrators of that bombing was no less heinous"); *Oveissi*, 879 F. Supp. 2d at 56 ("The nature of the defendants' act [in materially supporting Hezbollah-led assassination] and the nature and extent of the harm defendants intentionally caused are among the most heinous the Court can fathom.").  The embassy bombings killed 224 people and injured more than 4,000 others.  *See* Dkt. 6-12.  These immensely destructive and violent terrorist attacks would not have been possible

without Defendant's support.  Defendant provided the training camps for the al-Qaeda bombers, offered air travel and weapons to al-Qaeda, and sheltered al-Qaeda and Osama Bin Laden from Western authorities in the months leading up to the attacks.  *See* Dkt. 6-6, at 66; Dkt. 6-8, at 3; Dkt. 6-13, at 70; Dkt. 6-14, at 6.  Even after the attacks, Defendant vowed to protect Bin Laden "at any cost."  Dkt. 6-17; *see also* Dkt. 6-24, at 2.  Courts have awarded punitive damages in an amount that is *three times* the amount (or greater) of the total compensatory damages for conduct that is at least as reprehensible as Defendant's support for terrorism here.  *See Flanagan*, 87 F. Supp. 3d at 126–27 (awarding punitive damages equal to three times the amount of compensatory damages for support for terrorist bombing of U.S.S. Cole); *Est. of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011) (applying a ratio of punitive to compensatory damages of 3.44:1 for support of bombing of U.S. Marine barracks in Beirut); *In re Terrorist Attacks on September 11, 2001*, 2012 WL 4711407, at *3 (S.D.N.Y. Oct. 3, 2012) (explaining that the "3.44 ratio has been used as the standard ratio applicable to a number of cases arising out of terrorist attacks" and applying it to calculate punitive damages arising from the September 11, 2001 terrorist attacks); *Tse v. UBS Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 317 (S.D.N.Y. 2008) (awarding punitive damages that were three times compensatory damages for race and gender discrimination); *Air China Ltd. v. Li*, 2010 WL 3260154, at *2 (S.D.N.Y. Aug. 5, 2010) (same for conversion of funds).  In the context of Defendant's support for horrific terrorist bombings, Plaintiffs' more modest request of a 2:1 ratio of punitive to compensatory damages is entirely warranted and consistent with the caselaw.

## PREJUDGMENT INTEREST

53.     Under federal law, though postjudgment interest is governed by statute, *see* 28 U.S.C. § 1961, "there is no comparable legislation regarding prejudgment interest."  *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 194 (1995).  Courts accordingly have

considerable discretion in awarding prejudgment interest.  "In a suit to enforce a federal right, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court, which is to take into consideration '(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court.'"  *Gierlinger v. Gleason*, 160 F.3d 858, 873 (2d Cir. 1998) (citation omitted).

54.     Courts in this and other circuits have recognized that "there is a presumption toward" awarding prejudgment interest "in cases arising under federal law . . . in the absence of a statutory directive."  *Trs. of N.Y. City Dist. Council of Carpenters Pension Fund v. S&S Kings Corp.*, 2019 WL 4412705, at *3 (S.D.N.Y. Sept. 16, 2019) (quoting *Waterside Ocean Nav. Co. v. Int'l Nav., Ltd.*, 737 F.2d 150, 153 (2d Cir. 1984)); *see also TVT Records v. Island Def Jam Music Grp.*, 279 F. Supp. 2d 366, 409 (S.D.N.Y. 2003) (favorably citing Seventh and Tenth Circuit decisions that "not[e] [the] presumption of prejudgment interest for federal law violations"), *rev'd on other grounds*, 412 F.3d 82 (2d Cir. 2005); *Worthington v. City of New Haven*, 1999 WL 958627, at *17 (D. Conn. Oct. 5, 1999) ("Prejudgment interest . . . is 'presumptively available to victims of federal law violations.'" (quoting *McKnight v. Gen. Motors Corp.*, 973 F.3d 1366, 1372 (7th Cir. 1992))); *Miner v. City of Glen Falls*, 1992 WL 349668, at *13 (N.D.N.Y. Nov. 12, 1992) ("prejudgment interest should be presumptively available to victims of federal law violations" (quoting *McKnight*, 973 F.3d at 1372–73)); *accord United States v. Ocean Bulk Ships, Inc.*, 248 F.3d 331, 334 (5th Cir. 2001) ("there is a strong presumption in favor of awarding pre-judgment interest"); *FDIC v. UMIC, Inc.*, 136 F.3d 1375, 1388 (10th Cir. 1998) ("prejudgment interest normally should be awarded on successful federal claims").

18

55.     Courts have awarded prejudgment interest on damages stemming from violations of the ATA and ATS.  *See Miller v. Cartel*, 2022 WL 2286952, at \*73–74 (D.N.D. June 24, 2022) (awarding prejudgment interest for ATA claims); *Pugh v. Socialist People's Libyan Arab Jamahiriya*, 530 F. Supp. 2d 216, 262–65 (D.D.C. 2008) (awarding prejudgment interest for ATA claims); *Mwani v. al-Qaeda*, 2022 WL 1170711, at \*1, \*15 (D.D.C. Apr. 20, 2022) (awarding prejudgment interest for ATS claims).

56.     Awarding prejudgment interest on Plaintiffs' compensatory damages stemming from their ATA and ATS claims is warranted here for several reasons.

a.  *First*, as mentioned, there is a strong presumption in favor of awarding prejudgment interest for violations of federal law.

b.  *Second*, awarding prejudgment interest fulfills "the need to fully compensate the wronged party for actual damages suffered."  *Gierlinger*, 160 F.3d at 873. Prejudgment interest "helps compensate plaintiffs for the true cost of money damages they have incurred," *Bingham v. Zolt*, 810 F. Supp. 100, 102 (S.D.N.Y. 1993), because such interest "compensates for the time value of money," *Pugh*, 530 F. Supp. 2d at 264 (quoting *Oldham v. Korean Air Lines Co.*, 127 F.3d 43, 54 (D.C. Cir. 1997)).  Indeed, the compensatory damages that Plaintiffs received in their prior judgments against Iran and Sudan for the injuries they sustained in the embassy bombings, which form the basis for Plaintiffs' compensatory damages here (minus the amount of any prior recoveries from other sources), include prejudgment interest.  Several years have elapsed since Plaintiffs received their prior judgments.  To be made whole with respect to their judgments in *this* action,

19

Plaintiffs should receive prejudgment interest that has accrued since the time of their prior judgments.

c.   *Third*, and relatedly, because in Plaintiffs' prior actions Judge Bates awarded prejudgment interest on damages stemming from the same terrorist acts and injuries, awarding prejudgment interest here promotes consistency, uniformity, and comity.  *See supra*, ¶ 47; *cf. McDonald v. W.-S. Life Ins. Co.*, 2002 WL 484623, at *5 (S.D. Ohio Feb. 20, 2002) (observing that "computing prejudgment interest" using the same rate as in other ERISA cases "promotes consistency and uniformity in ERISA cases").  If Plaintiffs do not receive prejudgment interest, then they will have received prejudgment interest on their damages for the years 1999 through 2014 (or August 31, 2020 in the case of the *Lonnquist* Plaintiffs), but not for the years 2015 (or September 1, 2020 for the *Lonnquist* Plaintiffs) through the present. Such an incongruous result should avoided.

d.   *Fourth*, awarding prejudgment interest accounts for the "remedial purpose of the statute[s] involved," *Gierlinger*, 160 F.3d at 873, because increasing damages awards by the amount of prejudgment interest furthers the deterrent and compensatory purposes of the ATA and ATS.  *See Knox v. Palestine Liberation Org.*, 442 F. Supp. 2d 62, 77 (S.D.N.Y. 2006) (referring to "the deterrent purpose of the ATA"); *Litle v. Arab Bank, PLC*, 611 F. Supp. 2d 233, 248 (E.D.N.Y. 2009) (same); *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 106 (D.D.C. 2000) ("The stated purpose of the [ATA] is to deter terrorist acts against U.S. nationals . . . and to provide justice for victims of such terrorism[.]"); *Tachiona v. Mugabe*, 169 F. Supp. 2d 259, 312 (S.D.N.Y. 2001) ("the causes of action

20

authorized by the [ATS] and TVPA are intended to compensate victims and deter the perpetrators").

e.  *Fifth*, "considerations of fairness and the relative equities" cut strongly in favor of awarding prejudgment interest.  *Gierlinger*, 160 F.3d at 873.  Plaintiffs have endured their many injuries without full compensation over a lengthy period of time.  Fairness dictates that Defendant not be granted a windfall merely because it has been effectively judgment-proof for 24 years since the bombings occurred.

f.  *Sixth*, principles governing postjudgment interest support an award of prejudgment interest in the unique circumstances of this case.  As noted, an award of postjudgment interest is mandatory in federal cases.  28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment[.]").  The purpose of postjudgment interest is to "compensat[e] a 'wronged' party for the loss of use of money awarded by a final judgment."  Susan Margaret Payor, *Post-Judgment Interest in Federal Courts*, 37 Emory L.J. 495, 495 (1988).  Though the interest that has accrued in the time since Plaintiffs' prior judgments is *pre*judgment interest with respect to the judgment that Plaintiffs seek in this action, that Plaintiffs must seek this interest here reflects that Plaintiffs have not yet been fully compensated for their injuries suffered 24 years ago despite having previously received judgments and damages awards.  The prejudgment interest that Plaintiffs seek here thus furthers the compensatory purpose of postjudgment interest.

57.    Like the decision whether to award prejudgment interest, the method of calculating prejudgment interest is within the district court's "broad discretion."  *Mentor Ins. Co. v. Brannkasse*, 996 F.2d 506, 520 (2d Cir. 1993).  Several circuits, including the Second Circuit, have

held that use of the federal "prime rate for determining prejudgment interest is well within the district court's discretion." *Forman v. Korean Air Lines Co.*, 84 F.3d 446, 450–51 (D.C. Cir. 1996) (collecting cases); *see Mentor Ins. Co.*, 996 F.2d at 520; *E.E.O.C. v. Erie County*, 751 F.2d 79, 82 (2d Cir. 1984).   An "award of compound interest also [i]s within the district court's broad discretion." *Mentor Ins. Co.*, 996 F.2d at 520.

58.     In Plaintiffs' prior actions against Iran and Sudan, Judge Bates, relying on *Forman*, calculated prejudgment interest that accrued between the time of the embassy bombings and the date of judgment on a compounded basis using "the prime rate for each year between the [incident] and the entry of judgment." *E.g.*, *Khaliq*, No. 10-cv-356, Dkt. 41, at 8 (quoting *Forman*, 84 F.3d at 450).   In the interests of simplicity, consistency, and comity, Plaintiffs propose that this Court use the same method to calculate prejudgment interest here.   *See supra*, ¶ 47; *cf. McDonald*, 2002 WL 484623, at *5.

59.     For Plaintiffs encompassed by the 2014 judgments in *Owens*, *Mwila*, and *Khaliq*, Judge Bates calculated prejudgment interest as follows:  He first multiplied $1.00 by the average federal prime rate in 1999 (8.00%)[2] and added that amount to $1.00, yielding 1.08.   *See, e.g.*, *Owens*, No. 01-cv-2244, Dkt. 300, at 18 n.9.[3]   He then took that amount and multiplied it by the

---

[2]  For these judgments, because Judge Bates began the calculation by multiplying $1.00 by the average prime rate for 1999, he did not include any interest from 1998, the year of the embassy bombings.   *See Owens*, 01-cv-2244, Dkt. 300, at 18 n.9; *Owens*, 01-cv-2244, Dkt. 348, at 12 n.6; *Mwila*, 08-cv-1377, Dkt. 89, at 15 n.7; *Khaliq*, 10-cv-356, Dkt. 41, at 8 n.4.

[3]  The average federal prime interest rate for a given year can be found at https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 (last visited July 13, 2022).   *See Lonnquist*, No. 17-cv-1630, Dkt. 45, at 26 n.3.   The average prime rates for each year from 1998 through 2021 are as follows: 1998 (8.35%), 1999 (8.00%), 2000 (9.23%), 2001 (6.91%), 2002 (4.67%), 2003 (4.12%), 2004 (4.34%), 2005 (6.19%), 2006 (7.96%), 2007 (8.05%), 2008 (5.09%), 2009 (3.25%), 2010 (3.25%), 2011 (3.25%), 2012 (3.25%), 2013 (3.25%), 2014 (3.25%), 2015 (3.26%), 2016 (3.51%), 2017 (4.10%), 2018 (4.91%), 2019 (5.28%), 2020 (3.54%), 2021 (3.25%).

prime rate in 2000 (9.23%) and added that amount to 1.08, yielding 1.17968. *E.g.*, *id.* He continued that iterative process through 2014. *E.g.*, *id.* Since the average federal prime rate for 2014 was not yet available when Judge Bates entered judgment in *Owens*, *Mwila*, and *Khaliq*, he estimated that rate using the average from the previous five years. *See Owens*, No. 01-cv-2244, Dkt. 348, at 12 n.7. The result of this iterative calculation was a multiplier of 2.26185. *E.g.*, *id.* at 12 n.6.[4] Judge Bates then multiplied 2.26185 by the base compensatory damages that each Plaintiff sought, which yielded each Plaintiff's total compensatory damages award with prejudgment interest included. *E.g.*, *id.* at 12 n.8.

60.     In keeping with that method of calculation, this Court should calculate prejudgment interest for Plaintiffs encompassed by the prior *Owens*, *Mwila*, and *Khaliq* judgments as follows: Since Judge Bates' award of compensatory damages for the injuries sustained in the bombings included prejudgment interest calculated through 2014,[5] this Court should calculate prejudgment interest from 2015 to present. The first step is to multiply $1.00 by the average federal prime rate for 2015 (3.26%) and to add that amount to $1.00, which yields 1.03260.[6] The next step is to multiply 1.03260 by the average federal prime rate for 2016 (3.51%) and to add that amount to 1.03260, which yields 1.06884. This iterative process should be continued through 2022. Since the average prime rate for 2022 is not yet available, following Judge Bates, the Court should

---

[4]  The full calculation was as follows: 1+ (1 * 0.08) + (1.08 * 0.0923) + (1.17968 * 0.0691) + (1.26120 * 0.0467) + (1.32010 * 0.0412) + (1.37449 * 0.0434) + (1.43414 * 0.0619) + (1.52291 * 0.0796) + (1.64414 * 0.0805) + (1.77649 * 0.0509) + (1.86691 * 0.0325) + (1.92759 * 0.0325) + (1.99023 * 0.0325) + (2.05492 * 0.0325) + (2.12170 * 0.0325) + (2.19066 * 0.0325) = 2.26185.

[5]  *See Owens*, 01-cv-2244, Dkt. 300, at 18 nn.9–10; *Owens*, 01-cv-2244, Dkt. 348, at 12 nn.6–7; *Mwila*, 08-cv-1377, Dkt. 89, at 15 n.7, 16 n.8; *Khaliq*, 10-cv-356, Dkt. 41, at 8 nn.4–5.

[6]  For the average prime rate for each year since the embassy bombings, see *supra*, ¶ 59 n.3.

estimate the 2022 rate based on the average of the previous five years (4.216%).[7]  *See Owens*, No. 01-cv-2244, Dkt. 348, at 12 n.7. And in the interest of precision, the Court should adjust this estimated 2022 rate based on how much time has elapsed in 2022 when the Court enters judgment. *See Lonnquist*, No. 17-cv-1630, Dkt. 45, at 26 n.3.

61.     For purposes of calculating Plaintiffs' proposed damages, Plaintiffs have assumed a judgment date in this action of August 1, 2022.   Based on the aforementioned iterative calculation, the multiplier from 2015 through 2021 is 1.31379.  Thus, the final step is to multiply 1.31379 by 0.04216 (the estimated prime rate for 2022 based on the average prime rate for the last five years), and to multiply that amount by 0.58356, since 58.356% of the year 2022 will have elapsed on August 1, 2022, and then to add that product to 1.31379.  This yields a final multiplier for the *Owens*, *Mwila*, and *Khaliq* Plaintiffs of **1.34611**.[8]  To calculate total compensatory damages for each *Owens*, *Mwila*, and *Khaliq* Plaintiff—with prejudgment interest included—the Court should multiply the compensatory damages that each Plaintiff seeks (which again is equal to the amount of prior compensatory damages they were awarded for their injuries in the bombings minus any recoveries) by 1.34611, as reflected in the table appended to this Declaration and included in Plaintiffs' Proposed Default Judgment.

---

[7]  The prime rates for the previous five years (2017 through 2021) were 4.10% (2017), 4.91% (2018), 5.28% (2019), 3.54% (2020), and 3.25% (2021).  Thus, the average of these rates is 4.216 = (4.10 + 4.91 + 5.28 + 3.54 + 3.25) / 5.

[8]  The full calculation is as follows:  1 + (1 * 0.0326) + (1.03260 * 0.0351) + (1.06884 * 0.041) + (1.11267 * 0.0491) + (1.16730 * 0.0528) + (1.22893 * 0.0354) + (1.27244 * 0.0325) + (1.31379 * 0.04216 * 0.58356) = **1.34611**.  If the Court enters judgment on a date before or after August 1, 2022, and wishes to adjust interest for 2022 based on the date of judgment, then this calculation would be the same, except that 0.58356 in the last calculation would be substituted with the applicable percentage based on how much time has elapsed in 2022 as of the date of judgment.

62.     For Plaintiffs encompassed by the 2020 judgment in *Lonnquist*, Judge Bates calculated prejudgment interest as follows:  He first multiplied $1.00 by the average federal prime rate in 1998 (8.35%), adjusted that interest by the percentage of the year remaining from August 7, 1998 (the date of the embassy bombings) to December 31, 1998 (which he calculated as 40.0%), and then added that amount to $1.00, yielding 1.0334.  *See Lonnquist*, No. 17-cv-1630, Dkt. 45, at 26 n.3.  He then multiplied 1.0334 by the average prime rate for 1999 (8.00%) and added that amount to 1.0334, yielding 1.1161.  *Id.*  He continued that iterative process through 2020.  *Id.*  Since the average prime rate for 2020 was not yet available when Judge Bates entered judgment in *Lonnquist*, he estimated that rate using the average from the previous six years.  *Id.*  He also adjusted the interest for 2020 based on the percentage of the year that had elapsed as of August 31, 2020, the date Judge Bates entered judgment (which he calculated as 66.67%).  *Id.*  The result of this iterative calculation was a multiplier of 2.9501.  *Id.*[9]  Judge Bates then multiplied 2.9501 by the base compensatory damages that each Plaintiff sought, which yielded each Plaintiff's total compensatory damages award with prejudgment interest included.  *Id.* at 27.

63.     In keeping with that method of calculation, this Court should calculate prejudgment interest for Plaintiffs encompassed by the *Lonnquist* judgment as follows:  Since Judge Bates calculated prejudgment interest through August 31, 2020, this Court should begin with September 1, 2020 through December 31, 2020.  The first step is to multiply $1.00 by the average federal prime rate for 2020 (3.54%), then to multiply that amount by 0.33333 (since Judge Bates had

---

[9]  The full calculation was as follows:  $1 + (1 * 0.0835 * 0.4) + (1.0334 * 0.08) + (1.1161 * 0.0923) + (1.2191 * 0.0691) + (1.3033 * 0.0467) + (1.3642 * 0.0412) + (1.4204 * 0.0434) + (1.4820 * 0.0619) + (1.5738 * 0.0796) + (1.6991 * 0.0805) + (1.8358 * 0.0509) + (1.9293 * 0.0325) + (1.9920 * 0.0325) + (2.0567 * 0.0325) + (2.1236 * 0.0325) + (2.1926 * 0.0325) + (2.2638 * 0.0325) + (2.3374 * 0.0326) + (2.4136 * 0.0351) + (2.4983 * 0.041) + (2.6007 * 0.0491) + (2.7284 * 0.0528) + (2.8725 * 0.04052 * 0.6667) = 2.9501$.

calculated that 66.67% of the year had elapsed as of August 31, 2020), and then to add that amount to $1.00, which yields 1.01180.  The next step is to multiply 1.01180 by the average prime rate for 2021 (3.25%) and to add that amount to 1.01180, which yields 1.04468.  The next and final step is to continue that iterative process for 2022.  Since the average prime rate for 2022 is not yet available, the Court should estimate the 2022 rate based on the average of the previous five years (4.216%).  *See supra*, ¶ 60 n.7; *Owens*, No. 01-cv-2244, Dkt. 348, at 12 n.7.  And in the interest of precision, the Court should adjust this estimated 2022 rate based on how much time has elapsed in 2022 at the time the Court enters judgment.  *See Lonnquist*, No. 17-cv-1630, Dkt. 45, at 26 n.3.  For purposes of calculating Plaintiffs' proposed damages, Plaintiffs have assumed a judgment date of August 1, 2022.  Thus, the final step is to multiply 1.04468 by 0.04216 (the estimated prime rate for 2022), and to multiply that amount by 0.58356, since 58.356% of the year 2022 will have elapsed on August 1, 2022, and then to add that product to 1.04468.  This yields a final multiplier for the *Lonnquist* Plaintiffs of **1.07039**.[10]  To calculate total compensatory damages for each *Lonnquist* Plaintiff—with prejudgment interest included—the Court should multiply the base compensatory damages that each *Lonnquist* Plaintiff seeks by 1.07039, as reflected in the table appended to this Declaration and included in Plaintiffs' Proposed Default Judgment.

64.   Since Daniel Briehl and Gary Cross have not previously obtained judgments, the Court should calculate prejudgment interest for these two Plaintiffs as follows:  The first step is to multiply $1.00 by the average federal prime rate in 1998 (8.35%), then to multiply that amount by

---

[10]   The full calculation is as follows:  1 + (1 * 0.0354 * 0.33333) + (1.01180 * 0.0325) + (1.04468 * 0.04216 * 0.58356) = **1.07039**.  If the Court enters judgment on a date before or after August 1, 2022, and wishes to adjust interest for 2022 based on the date of judgment, then this calculation would be the same, except that 0.58356 in the last calculation would be substituted with the applicable percentage based on how much time has elapsed in 2022 as of the date of judgment.

the percentage of the year remaining from August 7, 1998 (the date of the embassy bombings) to

December 31, 1998 (40.0%, as Judge Bates calculated in *Lonnquist*, No. 17-cv-1630, Dkt. 45, at

26 n.3), and then to add that amount to $1.00, yielding 1.03340.  The next step is to multiply

1.03340 by the average prime rate for 1999 (8.00%) and to add that amount to 1.03340, yielding

1.11607.  This iterative process should be continued through 2022.  Since the average prime rate

for 2022 is not yet available, the Court should estimate the 2022 rate based on the average of the

previous five years (4.216%).  *See supra*, ¶ 60 n.7; *Owens*, No. 01-cv-2244, Dkt. 348, at 12 n.7.

And in the interest of precision, the Court should adjust this estimated 2022 rate based on how

much time has elapsed in 2022 at the time the Court enters judgment.  *See Lonnquist*, No. 17-cv-

1630, Dkt. 45, at 26 n.3.  For purposes of calculating Plaintiffs' proposed damages, Plaintiffs have

assumed a judgment date in this action of August 1, 2022.  Thus, the final step is to multiply the

multiplier through 2021 (3.07085) by 0.04216, then to multiply that amount by 0.58356, since

58.356% of the year 2022 will have elapsed on August 1, 2022, and then to add that product to

3.07085.  This yields a final multiplier for Briehl and Cross of **3.14640**.[11]  To calculate total

compensatory damages for Briehl and Cross—with prejudgment interest included—the Court

should multiply the base compensatory damages that Briehl and Cross each seek by 3.14640, as

---

[11] The full calculation is as follows:  1 + (1 * 0.0835 * 0.4) + (1.03340 * 0.08) + (1.11607 *
0.0923) + (1.21909 * 0.0691) + (1.30332 * 0.0467) + (1.36419 * 0.0412) + (1.42039 * 0.0434)
+ (1.48204 * 0.0619) + (1.57378 * 0.0796) + (1.69905 * 0.0805) + (1.83582 * 0.0509) +
(1.92927 * 0.0325) + (1.99197 * 0.0325) + (2.05671 * 0.0325) + (2.12355 * 0.0325) +
(2.19257 * 0.0325) + (2.26382 * 0.0325) + (2.33740 * 0.0326) + (2.41360 * 0.0351) +
(2.49831 * 0.041) + (2.60075 * 0.0491) + (2.72844 * 0.0528) + (2.87250 * 0.0354) + (2.97419
* 0.0325) + (3.07085 * 0.04216 * 0.58356) = **3.14640**.  If the Court enters judgment on a date
before or after August 1, 2022, and wishes to adjust interest for 2022 based on the date of
judgment, then this calculation would be the same, except that 0.58356 in the last calculation
would be substituted with the applicable percentage based on how much time has elapsed in
2022 as of the date of judgment.

reflected in the table appended to this Declaration and included in Plaintiffs' Proposed Default Judgment.

*      *      *

65.    In sum, as reflected in the table appended to this Declaration and included in Plaintiffs' Proposed Default Judgment, Plaintiffs request base compensatory damages of $1,373,761,042.95; total compensatory damages of **$1,861,997,697.53** (*i.e.*, base compensatory damages plus $488,236,654.58 of prejudgment interest); punitive damages of **$3,295,249,969.26**; and a total award (total compensatory damages plus punitive damages) of **$5,157,247,666.79**, plus postjudgment interest.  Plaintiffs respectfully request that the Court enter an order awarding these damages, adopting the table appended to this Declaration and included in Plaintiffs' Proposed Default Judgment.

## OTHER RELIEF

66.    Under the Federal Rules, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  Fed. R. Civ. P. 62(a).  As the text of Rule 62(a) makes clear, "[t]he Court . . . has the power to order the execution of a judgment to occur before the close of this 30-day window."  *Allstar Mktg. Grp., LLC v. AFACAI*, 2021 WL 2555636, at *8 (S.D.N.Y. June 22, 2021); *see also* Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment ("Amended Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay[.]").  This Court should do so here and dissolve the automatic stay on the default judgment in its entirety, so that Plaintiffs may seek to execute on the judgment immediately upon its entry, without delay.

67.    The purpose of the stay under Rule 62(a) is "to afford litigants an ample period of time to consider whether to appeal, to file a motion for new trial, and/or to seek a stay of execution of judgment."  *Trs. of No. 142 Teamsters Union Pension Fund v. Actin, Inc.*, 2020 WL 1291674,

at *1 (N.D. Ind. Mar. 17, 2020).   That purpose clearly would not be served here given that Defendant is in default and cannot reasonably be expected to appear even after entry of judgment against it.   Indeed, courts in this District have regularly dissolved the stay when the defendant is in default, and particularly when there is "a risk that the [defaulting] judgment debtor's assets will be dissipated."  *Allstar Mktg. Grp., LLC*, 2021 WL 2555636, at *8 (quoting Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment); *see, e.g.*, *Ideavillage Prods. Corp. v. Longteng*, 2022 WL 2467731, at *7 (S.D.N.Y. July 6, 2022) (dissolving Rule 62(a) stay "to prevent the Defaulting Defendants from having thirty days to hide their assets"); *Off-White, LLC v. Alins*, 2021 WL 4710785, at *6 (S.D.N.Y. Oct. 8, 2021) (same).   Here, there is a risk of dissipation of Defendant's only known assets in the United States—the DAB funds at the FRBNY—because other plaintiffs are actively seeking to execute on those same assets.  *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570, Dkt. 7763 (S.D.N.Y. Mar. 20, 2022) (*Havlish* plaintiffs' turnover motion); *id.*, Dkt. 7767 (S.D.N.Y. Mar. 20, 2022) (*Doe* plaintiffs' turnover motion); *id.*, Dkt. 7936 (S.D.N.Y. Apr. 29, 2022) (*Federal Insurance* creditors' turnover motion); *Smith v. Islamic Emirate of Afghanistan*, No. 01-cv-10132, Dkt. 62 (S.D.N.Y. May 18, 2022) (*Smith* plaintiffs' turnover motion).   Although this Court has awarded Plaintiffs a prejudgment order of attachment, at least some of the plaintiffs in the other litigation have challenged Plaintiffs' priority to the DAB funds.  *See, e.g.*, *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570, Dkt. 7937, at 25 n.50 (S.D.N.Y. Apr. 29, 2022).   The *Federal Insurance* creditors—who have challenged Plaintiffs' priority—requested dissolution of the 30-day stay, and the court granted that request so that the *Federal Insurance* creditors "may execute on and enforce the[ir] judgment immediately."  *Id.*, Dkt. 7888, at 1 (S.D.N.Y. Apr. 20, 2022).   In the interest of consistency and uniformity, the Court should do likewise here.  Dissolving the stay will help to ensure that turnover

motions against the DAB assets are adjudicated along similar timelines, which will further streamline the disposition of those assets.

68.     "No service is required on a party who is in default for failing to appear."  Fed. R. Civ. P. 5(a)(2).  Nonetheless, Local Civil Rule 55.2(c) provides that "[u]nless otherwise ordered by the Court," default judgment papers "submitted to the Court . . . shall simultaneously be mailed to the party against whom a default judgment is sought at . . . the last known business address of such party."  As detailed, Plaintiffs previously have been unable to effectuate delivery of papers on Defendant in Afghanistan given the turmoil in the country.  Dkt. 45, at 2–3.  But a certified mailing sent via delivery service to Defendant at the Embassy of Afghanistan in Doha, Qatar was successful.  *See* **Exhibits B, C**.  Accordingly, Plaintiffs request that the Court excuse them from compliance with Local Civil Rule 55.2(c), or allow them to satisfy it by sending a copy of the default judgment papers submitted to the Court to Defendant via delivery service at the following address:  Embassy of Afghanistan, West Bay, Isteolal Street, P.O. Box 22104, Doha, Qatar.

## EXHIBITS

69.     Attached hereto as "**Exhibit A**" is a true and correct copy of Dkt. 65, an affidavit of service certifying that Plaintiffs timely served Defendant with the summons and complaint via Twitter on May 2, 2022, and via publication on May 18, 2022, May 25, 2022, June 1, 2022, and June 8, 2022.

70.     Attached hereto as "**Exhibit B**" is a true and correct copy of Dkt. 53, the Clerk of Court's certification that copies of the summons and complaint in English and Pashto were mailed to Defendant at the Embassy of Afghanistan, West Bay, Isteolal Street, P.O. Box 22104, Doha, Qatar, via DHL delivery service on May 4, 2022.

71.     Attached hereto as "**Exhibit C**" is a true and correct copy of a June 23, 2022 minute entry on the docket of this action in which the Clerk of Court certified that the mailing to Defendant

30

of the summons and complaint in English and Pashto on May 4, 2022 via DHL delivery service was received by Defendant on May 10, 2022.

72.     Attached hereto as "**Exhibit D**" is a true and correct copy of Dkt. 69, the Clerk of Court's Certificate of Default in this action.

73.     Attached hereto as "**Exhibit E**" is a true and correct copy of the Affidavit of Daniel Briehl.

74.     Attached hereto as "**Exhibit F**" is a true and correct copy of the Affidavit of Gary Cross.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed in Washington, D.C. on July 14, 2022     /s/ Matthew D. McGill
                                                  Matthew D. McGill
                                                  GIBSON, DUNN & CRUTCHER LLP
                                                  1050 Connecticut Avenue, N.W.
                                                  Washington, D.C. 20036
                                                  Telephone:  (202) 955-8500
                                                  Facsimile:  (202) 530-9522
                                                  mmcgill@gibsondunn.com

**APPENDIX:  PLAINTIFFS' INDIVIDUALIZED PROPOSED DAMAGES**

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages[1] | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award[2] |
|---|---|---|---|---|---|---|---|
| The Estate of Clyde M. Him | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $15,877,231.00 | $6,708,431.14 | 1.34611 (McGill Decl. ¶ 61) | $9,030,286.24 | $31,754,462.00 | $40,784,748.24 |
| Patricia K. Fast | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $4,848,678.07 | 1.34611 (McGill Decl. ¶ 61) | $6,526,854.04 | $11,309,250.00 | $17,836,104.04 |
| The Estate of Inez Him | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $4,848,678.07 | 1.34611 (McGill Decl. ¶ 61) | $6,526,854.04 | $11,309,250.00 | $17,836,104.04 |
| Paul Him | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |

---

[1]  "Base Compensatory Damages" for each Plaintiff represents the amount of prior compensatory damages awarded minus any prior recoveries.  *See* Dkt. 7, ¶ 213 & App'x 1 n.1.

[2]  These figures do not include any postjudgment interest.  *See* 28 U.S.C. § 1961(a); McGill Decl. ¶ 41.

App'x 1

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Eloise Hubble | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |
| Margaret Baker | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |
| Joyce Reed | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $14,560,491.00 | $9,904,694.66 | 1.34611 (McGill Decl. ¶ 61) | $13,332,808.53 | $29,120,982.00 | $42,453,790.53 |
| Worley Lee Reed | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $15,781,747.36 | $8,836,633.79 | 1.34611 (McGill Decl. ¶ 61) | $11,895,081.11 | $31,563,494.72 | $43,458,575.83 |
| Cheryl L. Blood | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $50,431,254.00 | $48,819,360.15 | 1.34611 (McGill Decl. ¶ 61) | $65,716,228.89 | $100,862,508.00 | $166,578,736.89 |

App'x 2

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Bret W. Reed | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $9,697,356.15 | 1.34611 (McGill Decl. ¶ 61) | $13,053,708.09 | $22,618,500.00 | $35,672,208.09 |
| The Estate of Ruth Ann Whiteside | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $4,848,678.07 | 1.34611 (McGill Decl. ¶ 61) | $6,526,854.04 | $11,309,250.00 | $17,836,104.04 |
| Linda Whiteside O'Donnell | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |
| The Estate of Flossie Varney | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $4,848,678.07 | 1.34611 (McGill Decl. ¶ 61) | $6,526,854.04 | $11,309,250.00 | $17,836,104.04 |
| Lydia Hickey | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $22,021,698.00 | $15,324,718.69 | 1.34611 (McGill Decl. ¶ 61) | $20,628,757.08 | $44,043,396.00 | $64,672,153.08 |

App'x 3

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Howard Sparks, Sr. | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $19,560,362.00 | $15,066,240.77 | 1.34611 (McGill Decl. ¶ 61) | $20,280,817.36 | $39,120,724.00 | $59,401,541.36 |
| Tabitha Carter | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $14,136,562.50 | $12,527,441.28 | 1.34611 (McGill Decl. ¶ 61) | $16,863,313.98 | $28,273,125.00 | $45,136,438.98 |
| Howard Sparks, Jr. | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $15,860,624.00 | $11,565,395.30 | 1.34611 (McGill Decl. ¶ 61) | $15,568,294.27 | $31,721,248.00 | $47,289,542.27 |
| Michael Ray Sparks | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $14,136,562.50 | $12,527,441.28 | 1.34611 (McGill Decl. ¶ 61) | $16,863,313.98 | $28,273,125.00 | $45,136,438.98 |
| Linda Shough | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,505,488.26 | 1.34611 (McGill Decl. ¶ 61) | $3,372,662.80 | $5,654,625.00 | $9,027,287.80 |

App'x 4

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Laura Harris | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,505,488.26 | 1.34611 (McGill Decl. ¶ 61) | $3,372,662.80 | $5,654,625.00 | $9,027,287.80 |
| Lora Murphy | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,505,488.26 | 1.34611 (McGill Decl. ¶ 61) | $3,372,662.80 | $5,654,625.00 | $9,027,287.80 |
| Loretta Paxton | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,505,488.26 | 1.34611 (McGill Decl. ¶ 61) | $3,372,662.80 | $5,654,625.00 | $9,027,287.80 |
| The Estate of Leroy Moorefield | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,010,976.51 | 1.34611 (McGill Decl. ¶ 61) | $6,745,325.59 | $11,309,250.00 | $18,054,575.59 |
| The Estate of Roger Moorefield | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,505,488.26 | 1.34611 (McGill Decl. ¶ 61) | $3,372,662.80 | $5,654,625.00 | $9,027,287.80 |

App'x 5

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Rodney Moorefield | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,505,488.26 | 1.34611 (McGill Decl. ¶ 61) | $3,372,662.80 | $5,654,625.00 | $9,027,287.80 |
| Gary Spiers | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $15,678,925.00 | $6,907,637.11 | 1.34611 (McGill Decl. ¶ 61) | $9,298,439.39 | $31,357,850.00 | $40,656,289.39 |
| Victoria Q. Spiers | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $12,900,890.00 | $8,488,788.42 | 1.34611 (McGill Decl. ¶ 61) | $11,426,842.98 | $25,801,780.00 | $37,228,622.98 |
| Victoria J. Spiers | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $9,047,400.00 | $7,757,884.92 | 1.34611 (McGill Decl. ¶ 61) | $10,442,966.47 | $18,094,800.00 | $28,537,766.47 |
| Richard David Patrick | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $4,848,678.07 | 1.34611 (McGill Decl. ¶ 61) | $6,526,854.04 | $11,309,250.00 | $17,836,104.04 |

App'x 6

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Candelaria Quilacio Francisco | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,531,185.78 | 1.34611 (McGill Decl. ¶ 61) | $3,407,254.49 | $5,654,625.00 | $9,061,879.49 |
| Susan Quilacio Nicolas | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |
| The Estate of Edilberto Quilacio | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |
| Rolando Quilacio | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |
| The Estate of Julita A. Quilacio | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $3,392,775.00 | $2,909,206.85 | 1.34611 (McGill Decl. ¶ 61) | $3,916,112.43 | $6,785,550.00 | $10,701,662.43 |

App'x 7

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Eulogio Quilacio | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $3,392,775.00 | $2,909,206.85 | 1.34611 (McGill Decl. ¶ 61) | $3,916,112.43 | $6,785,550.00 | $10,701,662.43 |
| James Owens | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $5,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $6,898,467.96 | $22,618,500.00 | $29,516,967.96 |
| The Estate of Betty Owens Evely | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $4,848,678.07 | 1.34611 (McGill Decl. ¶ 61) | $6,526,854.04 | $11,309,250.00 | $17,836,104.04 |
| Barbara Goff | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |
| Gary Robert Owens | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |

App'x 8

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Frank B. Pressley, Jr. | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $27,785,984.92 | $15,919,295.98 | 1.34611 (McGill Decl. ¶ 61) | $21,429,123.51 | $55,571,969.84 | $77,001,093.35 |
| Yasemin B. Pressley | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $20,444,029.00 | $13,885,360.68 | 1.34611 (McGill Decl. ¶ 61) | $18,691,222.86 | $40,888,058.00 | $59,579,280.86 |
| Berk F. Pressley | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,188,996.46 | 1.34611 (McGill Decl. ¶ 61) | $13,715,510.02 | $22,618,500.00 | $36,334,010.02 |
| Jon B. Pressley | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,188,996.46 | 1.34611 (McGill Decl. ¶ 61) | $13,715,510.02 | $22,618,500.00 | $36,334,010.02 |
| The Estate of Montine Bowen | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,094,498.23 | 1.34611 (McGill Decl. ¶ 61) | $6,857,755.01 | $11,309,250.00 | $18,167,005.01 |

App'x 9

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Marc Y. Pressley | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,188,996.46 | 1.34611 (McGill Decl. ¶ 61) | $13,715,510.02 | $22,618,500.00 | $36,334,010.02 |
| David A. Pressley | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,094,498.23 | 1.34611 (McGill Decl. ¶ 61) | $6,857,755.01 | $11,309,250.00 | $18,167,005.01 |
| Thomas C. Pressley | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,094,498.23 | 1.34611 (McGill Decl. ¶ 61) | $6,857,755.01 | $11,309,250.00 | $18,167,005.01 |
| Michael F. Pressley | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,094,498.23 | 1.34611 (McGill Decl. ¶ 61) | $6,857,755.01 | $11,309,250.00 | $18,167,005.01 |
| The Estate of Frank Pressley, Sr. | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,094,498.23 | 1.34611 (McGill Decl. ¶ 61) | $6,857,755.01 | $11,309,250.00 | $18,167,005.01 |

App'x 10

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Dorothy Willard | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,547,249.11 | 1.34611 (McGill Decl. ¶ 61) | $3,428,877.50 | $5,654,625.00 | $9,083,502.50 |
| Ahmet Buyuk | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,547,249.11 | 1.34611 (McGill Decl. ¶ 61) | $3,428,877.50 | $5,654,625.00 | $9,083,502.50 |
| Tulay Buyuk | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,547,249.11 | 1.34611 (McGill Decl. ¶ 61) | $3,428,877.50 | $5,654,625.00 | $9,083,502.50 |
| Serpil Buyuk | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,547,249.11 | 1.34611 (McGill Decl. ¶ 61) | $3,428,877.50 | $5,654,625.00 | $9,083,502.50 |
| Sundus Buyuk | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,094,498.23 | 1.34611 (McGill Decl. ¶ 61) | $6,857,755.01 | $11,309,250.00 | $18,167,005.01 |

App'x 11

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Bahar Buyuk | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,547,249.11 | 1.34611 (McGill Decl. ¶ 61) | $3,428,877.50 | $5,654,625.00 | $9,083,502.50 |
| The Estate of Donald G. Bomer | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $9,047,400.00 | $7,757,884.92 | 1.34611 (McGill Decl. ¶ 61) | $10,442,966.47 | $18,094,800.00 | $28,537,766.47 |
| Michael James Cormier | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $4,848,678.07 | 1.34611 (McGill Decl. ¶ 61) | $6,526,854.04 | $11,309,250.00 | $17,836,104.04 |
| Ellen Richard | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $36,359,146.00 | $21,621,118.50 | 1.34611 (McGill Decl. ¶ 61) | $29,104,403.82 | $72,718,292.00 | $101,822,695.82 |
| The Estate of Patricia Feore | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $4,848,678.07 | 1.34611 (McGill Decl. ¶ 61) | $6,526,854.04 | $11,309,250.00 | $17,836,104.04 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Nicholas Karas | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |
| George Karas | Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 301 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,424,339.04 | 1.34611 (McGill Decl. ¶ 61) | $3,263,427.03 | $5,654,625.00 | $8,918,052.03 |
| The Estate of William Abbas Mwila | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $75,078.89 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $150,157.78 | $150,157.78 |
| Judith Abasi Mwila | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $18,094,800.00 | $16,199,589.00 | 1.34611 (McGill Decl. ¶ 61) | $21,806,428.75 | $36,189,600.00 | $57,996,028.75 |

App'x 13

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| William Abasi Mwila | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| Edwina Abasi Mwila | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| Happiness Abasi Mwila | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| Donti Akili Mwaipape | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,357,565.38 | $9,761,612.52 | 1.34611 (McGill Decl. ¶ 61) | $13,140,204.23 | $22,715,130.76 | $35,855,334.99 |

App'x 14

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Victoria Donti Mwaipape | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $9,047,400.00 | $8,065,794.50 | 1.34611 (McGill Decl. ¶ 61) | $10,857,446.63 | $18,094,800.00 | $28,952,246.63 |
| Elisha Donti Mwaipape | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |
| Joseph Donti Mwaipape | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |
| Nicholas Mwaipape | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |

App'x 15

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Valentine Mathew Katunda | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,319,370.52 | $9,732,466.08 | 1.34611 (McGill Decl. ¶ 61) | $13,100,969.91 | $22,638,741.04 | $35,739,710.95 |
| Abella Valentine Katunda | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $9,047,400.00 | $8,065,794.50 | 1.34611 (McGill Decl. ¶ 61) | $10,857,446.63 | $18,094,800.00 | $28,952,246.63 |
| Diana Valentine Katunda | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |
| Venant Valentine Mathew Katunda | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |

App'x 16

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Edwin Valentine Mathew Katunda | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |
| Desidery Valentine Mathew Katunda | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |
| Edward Mathew Rutaheshelwa | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,663,080.66 | $4,668,824.06 | 1.34611 (McGill Decl. ¶ 61) | $6,284,750.76 | $11,326,161.32 | $17,610,912.08 |
| Elizabeth Mathew Rutaheshelwa | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |

App'x 17

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Angelina Mathew Rutaheshelwa | Order, *Mwila v. Islamic Republic of Iran,* No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |
| Happiness Mathew Rutaheshelwa | Order, *Mwila v. Islamic Republic of Iran,* No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |
| Eric Mathew Rutaheshelwa | Order, *Mwila v. Islamic Republic of Iran,* No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |
| The Estate of Samuel Thomas Marcus | Order, *Mwila v. Islamic Republic of Iran,* No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,343,424.09 | $9,750,821.33 | 1.34611 (McGill Decl. ¶ 61) | $13,125,678.10 | $22,686,848.18 | $35,812,526.28 |

App'x 18

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Coronella Samuel Marcus | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,028,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,768,741.24 | $11,309,250.00 | $18,077,991.24 |
| Tirisa George Thomas | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,497,185.78 | 1.34611 (McGill Decl. ¶ 61) | $3,361,486.75 | $5,654,625.00 | $9,016,111.75 |
| The Estate of Yusuf Shamte Ndange | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $51,352.76 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $102,705.52 | $102,705.52 |
| Hanuni Ramadhani Ndange | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $18,094,800.00 | $16,351,566.71 | 1.34611 (McGill Decl. ¶ 61) | $22,011,007.46 | $36,189,600.00 | $58,200,607.46 |

App'x 19

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Maua Ndange | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,219,729.19 | 1.34611 (McGill Decl. ¶ 61) | $13,756,879.66 | $22,618,500.00 | $36,375,379.66 |
| Halima Ndange | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,219,729.19 | 1.34611 (McGill Decl. ¶ 61) | $13,756,879.66 | $22,618,500.00 | $36,375,379.66 |
| Juma Yusuph Shamte Ndange | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,219,729.19 | 1.34611 (McGill Decl. ¶ 61) | $13,756,879.66 | $22,618,500.00 | $36,375,379.66 |
| Mwajabu Yusuph Shamte Ndange | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,219,729.19 | 1.34611 (McGill Decl. ¶ 61) | $13,756,879.66 | $22,618,500.00 | $36,375,379.66 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Abdul Yusuph Shamte Ndange | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,219,729.19 | 1.34611 (McGill Decl. ¶ 61) | $13,756,879.66 | $22,618,500.00 | $36,375,379.66 |
| Ramadhani Ndange | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,219,729.19 | 1.34611 (McGill Decl. ¶ 61) | $13,756,879.66 | $22,618,500.00 | $36,375,379.66 |
| The Estate of Mtendeje Rajabu Mtulya | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $127,519.23 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $255,038.46 | $255,038.46 |
| Shabani Saidi Mtulya | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $18,094,800.00 | $16,199,589.00 | 1.34611 (McGill Decl. ¶ 61) | $21,806,428.75 | $36,189,600.00 | $57,996,028.75 |

App'x 21

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Saidi Shabani Mtulya | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| Abdul Shabani Mtulya | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| The Estate of Rogath Saidi Saidi | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $76,894.84 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $153,789.68 | $153,789.68 |
| The Estate of Veronica Alois Saidi | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $18,094,800.00 | $16,130,320.67 | 1.34611 (McGill Decl. ¶ 61) | $21,713,185.96 | $36,189,600.00 | $57,902,785.96 |

App'x 22

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| John Rogath Saidi | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,143,950.42 | 1.34611 (McGill Decl. ¶ 61) | $13,654,873.10 | $22,618,500.00 | $36,273,373.10 |
| Daniel Rogath Saidi | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,143,950.42 | 1.34611 (McGill Decl. ¶ 61) | $13,654,873.10 | $22,618,500.00 | $36,273,373.10 |
| Selinia Rogath Saidi | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,143,950.42 | 1.34611 (McGill Decl. ¶ 61) | $13,654,873.10 | $22,618,500.00 | $36,273,373.10 |
| Idifonce Rogath Saidi | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,143,950.42 | 1.34611 (McGill Decl. ¶ 61) | $13,654,873.10 | $22,618,500.00 | $36,273,373.10 |

App'x 23

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Aisha Mawazo | Order, *Mwila v. Islamic Republic of Iran,* No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,043,950.42 | 1.34611 (McGill Decl. ¶ 61) | $13,520,262.10 | $22,618,500.00 | $36,138,762.10 |
| The Estate of Adabeth Saidi Nang'oko | Order, *Mwila v. Islamic Republic of Iran,* No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $4,971,975.21 | 1.34611 (McGill Decl. ¶ 61) | $6,692,825.55 | $11,309,250.00 | $18,002,075.55 |
| The Estate of Dotio Ramadhani | Order, *Mwila v. Islamic Republic of Iran,* No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $313,016.62 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $626,033.24 | $626,033.24 |
| Mengo Ramadhani | Order, *Mwila v. Islamic Republic of Iran,* No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Kulwa Ramadhani | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $9,047,400.00 | $8,099,794.50 | 1.34611 (McGill Decl. ¶ 61) | $10,903,214.37 | $18,094,800.00 | $28,998,014.37 |
| Rehena Ramadhani | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,062,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,814,508.98 | $11,309,250.00 | $18,123,758.98 |
| Upendo Ramadhani | Order, *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-1377, Dkt. No. 88 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $5,062,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,814,508.98 | $11,309,250.00 | $18,123,758.98 |
| Rizwan Khaliq | Order, *Khaliq v. Republic of Sudan*, No. 1:10-cv-356, Dkt. No. 40 (D.D.C. Mar. 28, 2014) | $14,702,869.86 | $7,162,840.35 | 1.34611 (McGill Decl. ¶ 61) | $9,641,971.02 | $29,405,739.72 | $39,047,710.74 |

App'x 25

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Jenny Christina Lovblom | Order, *Khaliq v. Republic of Sudan*, No. 1:10-cv-356, Dkt. No. 40 (D.D.C. Mar. 28, 2014) | $12,440,175.00 | $11,137,217.44 | 1.34611 (McGill Decl. ¶ 61) | $14,991,919.77 | $24,880,350.00 | $39,872,269.77 |
| Imtiaz Bedum | Order, *Khaliq v. Republic of Sudan*, No. 1:10-cv-356, Dkt. No. 40 (D.D.C. Mar. 28, 2014) | $5,654,625.00 | $4,892,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,585,670.28 | $11,309,250.00 | $17,894,920.28 |
| Yasir Aziz | Order, *Khaliq v. Republic of Sudan*, No. 1:10-cv-356, Dkt. No. 40 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,361,185.78 | 1.34611 (McGill Decl. ¶ 61) | $3,178,415.79 | $5,654,625.00 | $8,833,040.79 |
| Imran Khaliq | Order, *Khaliq v. Republic of Sudan*, No. 1:10-cv-356, Dkt. No. 40 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,361,185.78 | 1.34611 (McGill Decl. ¶ 61) | $3,178,415.79 | $5,654,625.00 | $8,833,040.79 |
| Kamran Khaliq | Order, *Khaliq v. Republic of Sudan*, No. 1:10-cv-356, Dkt. No. 40 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,361,185.78 | 1.34611 (McGill Decl. ¶ 61) | $3,178,415.79 | $5,654,625.00 | $8,833,040.79 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Naurin Khaliq | Order, *Khaliq v. Republic of Sudan*, No. 1:10-cv-356, Dkt. No. 40 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,361,185.78 | 1.34611 (McGill Decl. ¶ 61) | $3,178,415.79 | $5,654,625.00 | $8,833,040.79 |
| Irfan Khaliq | Order, *Khaliq v. Republic of Sudan*, No. 1:10-cv-356, Dkt. No. 40 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,361,185.78 | 1.34611 (McGill Decl. ¶ 61) | $3,178,415.79 | $5,654,625.00 | $8,833,040.79 |
| Teshin Khaliq | Order, *Khaliq v. Republic of Sudan*, No. 1:10-cv-356, Dkt. No. 40 (D.D.C. Mar. 28, 2014) | $2,827,312.50 | $2,361,185.78 | 1.34611 (McGill Decl. ¶ 61) | $3,178,415.79 | $5,654,625.00 | $8,833,040.79 |
| Clara Leah Aliganga | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| The Estate of Jesse Nathanael Aliganga | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $914,061.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $1,828,122.00 | $1,828,122.00 |

App'x 27

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Leah Ann Colston-Baker | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,562,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,141,453.98 | $11,309,250.00 | $17,450,703.98 |
| Edith Lynn Bartley | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $16,963,875.00 | $14,187,114.69 | 1.34611 (McGill Decl. ¶ 61) | $19,097,416.96 | $33,927,750.00 | $53,025,166.96 |
| The Estate of Gladys Baldwin | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $9,624,743.12 | 1.34611 (McGill Decl. ¶ 61) | $12,955,962.96 | $22,618,500.00 | $35,574,462.96 |
| The Estate of Julian Leotis Bartley, Jr. | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $4,783,376.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $9,566,752.00 | $9,566,752.00 |

App'x 28

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Julian Leotis Bartley, Sr. | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $1,686,985.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $3,373,970.00 | $3,373,970.00 |
| Mary Linda Sue Bartley | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $29,404,050.00 | $26,324,332.12 | 1.34611 (McGill Decl. ¶ 61) | $35,435,446.71 | $58,808,100.00 | $94,243,546.71 |
| Egambi Fred Kibuhiru Dalizu | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $18,094,800.00 | $16,787,167.52 | 1.34611 (McGill Decl. ¶ 61) | $22,597,374.07 | $36,189,600.00 | $58,786,974.07 |
| The Estate of Gwendolyn Tauwana Garrett | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,745,989.85 | 1.34611 (McGill Decl. ¶ 61) | $6,388,624.40 | $11,309,250.00 | $17,697,874.40 |

App'x 29

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of James Herbert Freeman | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,745,989.85 | 1.34611 (McGill Decl. ¶ 61) | $6,388,624.40 | $11,309,250.00 | $17,697,874.40 |
| The Estate of Jean Rose Dalizu | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $227,086.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $454,172.00 | $454,172.00 |
| The Estate of Jeanette Ella Marie Goines | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,745,989.85 | 1.34611 (McGill Decl. ¶ 61) | $6,388,624.40 | $11,309,250.00 | $17,697,874.40 |
| Jewell Patricia Neal | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,745,989.85 | 1.34611 (McGill Decl. ¶ 61) | $6,388,624.40 | $11,309,250.00 | $17,697,874.40 |

App'x 30

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Joyce McCray | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,745,989.85 | 1.34611 (McGill Decl. ¶ 61) | $6,388,624.40 | $11,309,250.00 | $17,697,874.40 |
| June Beverly Freeman | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,745,989.85 | 1.34611 (McGill Decl. ¶ 61) | $6,388,624.40 | $11,309,250.00 | $17,697,874.40 |
| Lawrence Anthony Hicks | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,491,979.70 | 1.34611 (McGill Decl. ¶ 61) | $14,123,358.79 | $22,618,500.00 | $36,741,858.79 |
| Lori Elaine Dalizu | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,491,979.70 | 1.34611 (McGill Decl. ¶ 61) | $14,123,358.79 | $22,618,500.00 | $36,741,858.79 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Mangairu Vidija Dalizu | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,491,979.70 | 1.34611 (McGill Decl. ¶ 61) | $14,123,358.79 | $22,618,500.00 | $36,741,858.79 |
| The Estate of Rose Banks Freeman | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $9,991,979.70 | 1.34611 (McGill Decl. ¶ 61) | $13,450,303.79 | $22,618,500.00 | $36,068,803.79 |
| The Estate of Sheila Elaine Freeman | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,745,989.85 | 1.34611 (McGill Decl. ¶ 61) | $6,388,624.40 | $11,309,250.00 | $17,697,874.40 |
| Temina Engesia Dalizu | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,491,979.70 | 1.34611 (McGill Decl. ¶ 61) | $14,123,358.79 | $22,618,500.00 | $36,741,858.79 |

App'x 32

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Brandi Hardy Plants | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| The Estate of Jane Huckaby | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $9,624,743.12 | 1.34611 (McGill Decl. ¶ 61) | $12,955,962.96 | $22,618,500.00 | $35,574,462.96 |
| The Estate of Molly Huckaby Hardy | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $1,234,785.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $2,469,570.00 | $2,469,570.00 |
| Bonnie Sue Hobson | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $9,624,743.12 | 1.34611 (McGill Decl. ¶ 61) | $12,955,962.96 | $22,618,500.00 | $35,574,462.96 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Deborah Hobson-Bird | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $18,094,800.00 | $16,199,589.00 | 1.34611 (McGill Decl. ¶ 61) | $21,806,428.75 | $36,189,600.00 | $57,996,028.75 |
| The Estate of Kenneth Ray Hobson | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $9,624,743.12 | 1.34611 (McGill Decl. ¶ 61) | $12,955,962.96 | $22,618,500.00 | $35,574,462.96 |
| The Estate of Kenneth Ray Hobson II | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $965,530.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $1,931,060.00 | $1,931,060.00 |
| Meghan Elizabeth Hobson | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Howard Charles Kavaler | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $21,487,575.00 | $16,237,011.94 | 1.34611 (McGill Decl. ¶ 61) | $21,856,804.14 | $42,975,150.00 | $64,831,954.14 |
| The Estate of Leon Kavaler | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $3,392,775.00 | $2,861,560.87 | 1.34611 (McGill Decl. ¶ 61) | $3,851,975.70 | $6,785,550.00 | $10,637,525.70 |
| Maya Pia Kavaler | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $14,702,025.00 | $12,986,303.99 | 1.34611 (McGill Decl. ¶ 61) | $17,480,993.67 | $29,404,050.00 | $46,885,043.67 |
| The Estate of Pearl Daniels Kavaler | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $3,392,775.00 | $2,861,560.87 | 1.34611 (McGill Decl. ¶ 61) | $3,851,975.70 | $6,785,550.00 | $10,637,525.70 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Prabhi Guptara Kavaler | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $1,775,096.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $3,550,192.00 | $3,550,192.00 |
| Richard Martin Kavaler | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $2,827,312.50 | $2,384,634.06 | 1.34611 (McGill Decl. ¶ 61) | $3,209,979.75 | $5,654,625.00 | $8,864,604.75 |
| Tara Lia Kavaler | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $14,702,025.00 | $12,986,303.99 | 1.34611 (McGill Decl. ¶ 61) | $17,480,993.67 | $29,404,050.00 | $46,885,043.67 |
| The Estate of Arlene Bradley Kirk | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $543,426.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $1,086,852.00 | $1,086,852.00 |

App'x 36

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Dennis Arthur Bradley | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,579,516.79 | 1.34611 (McGill Decl. ¶ 61) | $6,164,533.35 | $11,309,250.00 | $17,473,783.35 |
| Katherine Bradley Wright | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,579,516.79 | 1.34611 (McGill Decl. ¶ 61) | $6,164,533.35 | $11,309,250.00 | $17,473,783.35 |
| The Estate of Kenneth Alva Bradley | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,579,516.79 | 1.34611 (McGill Decl. ¶ 61) | $6,164,533.35 | $11,309,250.00 | $17,473,783.35 |
| Maisha Kirk Humphrey | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,159,033.57 | 1.34611 (McGill Decl. ¶ 61) | $13,675,176.68 | $22,618,500.00 | $36,293,676.68 |

App'x 37

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Mary Katherine Bradley | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $9,659,033.57 | 1.34611 (McGill Decl. ¶ 61) | $13,002,121.68 | $22,618,500.00 | $35,620,621.68 |
| Neil Alan Bradley | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,579,516.79 | 1.34611 (McGill Decl. ¶ 61) | $6,164,533.35 | $11,309,250.00 | $17,473,783.35 |
| The Estate of Patricia Anne Bradley Williams | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,579,516.79 | 1.34611 (McGill Decl. ¶ 61) | $6,164,533.35 | $11,309,250.00 | $17,473,783.35 |
| Robert Kirk, Jr. | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $18,094,800.00 | $16,254,453.72 | 1.34611 (McGill Decl. ¶ 61) | $21,880,282.70 | $36,189,600.00 | $58,069,882.70 |

App'x 38

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Robert Michael Kirk | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,159,033.57 | 1.34611 (McGill Decl. ¶ 61) | $13,675,176.68 | $22,618,500.00 | $36,293,676.68 |
| Douglas Norman Klaucke | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $18,094,800.00 | $16,631,774.12 | 1.34611 (McGill Decl. ¶ 61) | $22,388,197.46 | $36,189,600.00 | $58,577,797.46 |
| James Robert Klaucke | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,394,858.82 | 1.34611 (McGill Decl. ¶ 61) | $13,992,623.41 | $22,618,500.00 | $36,611,123.41 |
| The Estate of Joseph Denegre Martin III | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,697,429.41 | 1.34611 (McGill Decl. ¶ 61) | $6,323,256.70 | $11,309,250.00 | $17,632,506.70 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Joseph Denegre Martin, Jr. | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $9,894,858.82 | 1.34611 (McGill Decl. ¶ 61) | $13,319,568.41 | $22,618,500.00 | $35,938,068.41 |
| Karen Marie Klaucke | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,394,858.82 | 1.34611 (McGill Decl. ¶ 61) | $13,992,623.41 | $22,618,500.00 | $36,611,123.41 |
| The Estate of Kathleen Martin Boellert | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,697,429.41 | 1.34611 (McGill Decl. ¶ 61) | $6,323,256.70 | $11,309,250.00 | $17,632,506.70 |
| Martha Martin Ourso | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,697,429.41 | 1.34611 (McGill Decl. ¶ 61) | $6,323,256.70 | $11,309,250.00 | $17,632,506.70 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Mary Louise Martin | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $2,339,174.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $4,678,348.00 | $4,678,348.00 |
| Michael Hawkins Martin | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,697,429.41 | 1.34611 (McGill Decl. ¶ 61) | $6,323,256.70 | $11,309,250.00 | $17,632,506.70 |
| Stephen Harding Martin | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,697,429.41 | 1.34611 (McGill Decl. ¶ 61) | $6,323,256.70 | $11,309,250.00 | $17,632,506.70 |
| Susan Elizabeth Martin Bryson | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,697,429.41 | 1.34611 (McGill Decl. ¶ 61) | $6,323,256.70 | $11,309,250.00 | $17,632,506.70 |

App'x 41

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| William Russell Klaucke | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,394,858.82 | 1.34611 (McGill Decl. ¶ 61) | $13,992,623.41 | $22,618,500.00 | $36,611,123.41 |
| The Estate of Ann Michelle O'Connor | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $2,195,655.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $4,391,310.00 | $4,391,310.00 |
| Gwendolyn Frederic Deney | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $9,624,743.12 | 1.34611 (McGill Decl. ¶ 61) | $12,955,962.96 | $22,618,500.00 | $35,574,462.96 |
| James Paul O'Connor | Amended Order, *Owens v. Republic of Sudan,* No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $18,094,800.00 | $16,199,589.00 | 1.34611 (McGill Decl. ¶ 61) | $21,806,428.75 | $36,189,600.00 | $57,996,028.75 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Jennifer Erin Perez | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| Micaela Ann O'Connor | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| Tara Colleen O'Connor | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| Christa Gay DeGracia | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,562,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,141,453.98 | $11,309,250.00 | $17,450,703.98 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Delbert Raymond Olds | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |
| Kimberly Ann Zimmerman | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,562,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,141,453.98 | $11,309,250.00 | $17,450,703.98 |
| Marsey Gayle Cornett | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $5,654,625.00 | $4,562,371.56 | 1.34611 (McGill Decl. ¶ 61) | $6,141,453.98 | $11,309,250.00 | $17,450,703.98 |
| The Estate of Mary Evelyn Freeman Olds | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $11,309,250.00 | $10,124,743.12 | 1.34611 (McGill Decl. ¶ 61) | $13,629,017.96 | $22,618,500.00 | $36,247,517.96 |

App'x 44

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| The Estate of Sherry Lynn Olds | Amended Order, *Owens v. Republic of Sudan*, No. 1:01-cv-2244, Dkt. No. 349 (D.D.C. Oct. 24, 2014) | $1,156,543.00 | $0 | 1.34611 (McGill Decl. ¶ 61) | $0 | $2,313,086.00 | $2,313,086.00 |
| Gary Lonnquist | Order, *Lonnquist v. Islamic Republic of Iran*, No. 1:17-cv-1630, Dkt. No. 44 (D.D.C. Aug. 31, 2020) | $5,000,000.00 | $5,000,000.00 | 1.07039 (McGill Decl. ¶ 63) | $5,351,950.00 | $10,000,000.00 | $15,351,950.00 |
| Timothy Teske | Order, *Lonnquist v. Islamic Republic of Iran*, No. 1:17-cv-1630, Dkt. No. 44 (D.D.C. Aug. 31, 2020) | $5,000,000.00 | $5,000,000.00 | 1.07039 (McGill Decl. ¶ 63) | $5,351,950.00 | $10,000,000.00 | $15,351,950.00 |
| Sharon Teske | Order, *Lonnquist v. Islamic Republic of Iran*, No. 1:17-cv-1630, Dkt. No. 44 (D.D.C. Aug. 31, 2020) | $4,000,000.00 | $4,000,000.00 | 1.07039 (McGill Decl. ¶ 63) | $4,281,560.00 | $8,000,000.00 | $12,281,560.00 |

| Plaintiff | Prior Action Where Damages Were Awarded | Prior Compensatory Damages Award | Base Compensatory Damages | Prejudgment Interest Multiplier | Total Compensatory Damages | Punitive Damages | Total Award |
|---|---|---|---|---|---|---|---|
| Jonathan Teske | Order, Lonnquist v. Islamic Republic of Iran, No. 1:17-cv-1630, Dkt. No. 44 (D.D.C. Aug. 31, 2020) | $2,500,000.00 | $2,500,000.00 | 1.07039 (McGill Decl. ¶ 63) | $2,675,975.00 | $5,000,000.00 | $7,675,975.00 |
| Taylor Teske | Order, Lonnquist v. Islamic Republic of Iran, No. 1:17-cv-1630, Dkt. No. 44 (D.D.C. Aug. 31, 2020) | $2,500,000.00 | $2,500,000.00 | 1.07039 (McGill Decl. ¶ 63) | $2,675,975.00 | $5,000,000.00 | $7,675,975.00 |
| Daniel Briehl | N/A | N/A | $5,000,000.00 | 3.14640 (McGill Decl. ¶ 64) | $15,732,000.00 | $10,000,000.00 | $25,732,000.00 |
| Gary Cross | N/A | N/A | $5,000,000.00 | 3.14640 (McGill Decl. ¶ 64) | $15,732,000.00 | $10,000,000.00 | $25,732,000.00 |
| **TOTAL** | | | $1,373,761,042.95 | | $1,861,997,697.53 | $3,295,249,969.26 | $5,157,247,666.79 |

App'x 46